IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

FILED
FEB 13 2026
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

Charles Adrian Nash )
(Petitioner) )
)
)
)
)
Vs ) Case Number: 3:26-mc-11
) Varlan/Poplin
)
)
)
Daniel Ripper )
Kenneth Freeman )
Billy Long )
Neal Pinkston )
William Cox )
Don Poole
STATE OF TENNESSEE
(Respondent)

## PETITION FOR HABEAS CORPUS RELIEF
## 28 U.S.C. § 2254

Now Comes the petitioner Charles Adrian Nash, appearing In Propria Personam, Sui Juris, Specially, without prejudice or the assistance of counsel before the Honorable United States District Court Eastern District of Tennessee at Knoxville. This is Nash's second petition for Habeas Corpus relief under 28 U.S.C. § 2254, Nash respectfully requests an audience with this Honorable Court to address newly discovered evidence that would have had a significant bearing on the outcome of his case.

Furthermore, this petition has been filed solely in the interests of justice, and not for any frivolous reason, nor to extend the time or costs of litigation. Mr. Nash will prove through clear and convincing evidence, that the above cited defendants did knowingly, and willfully violate the following rights of Mr. Nash, through willful acts of official misconduct. This petition for Habeas Corpus relief has been brought before this Honorable Court, because the current Tennessee Habeas Corpus relief clause does not offer any form of relief to those whom have been denied their Constitutional Rights through willful acts of Malfeasance. Understanding this, no exhaustion of state remedies is required in this case, considering the avenue for relief being sought by Mr. Nash does not fall within the parameters of the Tennessee Habeas Corpus clause. This petition will address the following violations of the petitioner's constitutional rights.

1. **IV amendment right:** to be secure in one's person from all searches and **seizures** of one's **life, liberty and/or property**.
2. **V amendment right:** The right to not be held to answer for a capital or otherwise infamous crime (AKA) felony, unless a **presentment or indictment** be issued by a Grand Jury.
3. **V & XIV Amendment Right:** The right to not be deprived of **Life, Liberty**, and/or **Property,** without the **"Due Process"** of law.
4. **VI Amendment Right:** Right to be represented by competent counsel and an unbiased Grand Jury.
5. **VIII Amendment Right:** Right not to be subjected to unreasonable or excessive bail.
6. **XIV Amendment Right:** Right to equal protection under the law.

Mr. Nash will provide irrefutable evidence, that the State, acting under color of law, did knowingly and willfully, deprive the petitioner of his Constitutional Rights and protections only to further their own agenda. The evidence in the record will reflect, every subsequent event after February 26, 2006, was unlawful and **"fruits of the poisonous tree"** Wong Sun V United States 371, U.S. 471, 485 (1963). That all evidence obtained as a direct result of an Unconstitutional search and/or seizure, any such evidence obtained or derived from a constitutional violation shall **never** be admitted. Your HONOR, this case is littered with constitutional violations from the onset, and according to the official record of discovery obtained by the petitioner the following statements are true and accurate.

1. **NO** affidavit of complaint had ever been filed in this matter.
2. **NO** evidence that any probable cause hearing had ever been conducted.
3. **NO** evidence that a bond hearing was conducted before indictment or in a timely manner.
4. **NO** evidence that Nash had been arraigned on the charge after arrest.
5. **NO** evidence that this case had been bound over to a Grand Jury.
6. **NO** phone call was given to Nash after arrest.

Over the years Mr. Nash has made numerous requests to obtain these records, this is Mr. Nash's, most recent requests to attain these records, (Exhibits IV, & V) has yet to produce any fruit. Since these events never occurred, it would be disingenuous to expect any tangible evidence will ever be produced. Please take note of (Exhibits I, II, III) these are true and exact copies of Mr. Nash's original judgements, clearly indicating that the alleged crime was committed on the same day Mr. Nash was taken into custody and charged with a capital offense.

Additionally, these orders clearly indicate that Mr. Nash would not be indicted on these capital charges until June 14, 2006, nearly 4 months after the alleged event occurred. According to the **5th amendment** and **Article 1 § 14** of the Tennessee State Constitution, **NO PERSON** can be charged with any **capital** offense but by presentment or indictment of a Grand Jury. We will begin this observation by scrutinizing the initial unlawful process that has led to this gross miscarriage of justice, and how through the following newly discovered evidence, will reveal that, instead practicing Honorable Jurisprudence, law enforcement engaged in a 1692 Salem Witch hunt. The United States Constitutions fourth and fifth amendment protects Citizens from unlawful searches and seizures, and the right to not be charged with a **capital** or otherwise infamous crime, but by the issuance of a presentment or indictment of a Grand Jury. This is part of Mr. Nash's 14th amendment right to equal protections under the law as described in **Village of Willow brook V Olech,** *528 U.S. 562, 564 (2000)* Pursuant to the United States Constitution's **9th amendment**, this right supersedes any state right or statute and the **14th amendment**, secures Citizens rights to "**equal protections under the law.**"

The **5th amendment right**, to not be charged with any **capital** or otherwise infamous crime, unless on the issuance of a presentment or indictment by a Grand Jury is paramount. It has been well established that Law enforcement officers are **NOT** attorneys, nor are they **legally** proficient, this was known by our founding fathers, thus the reason for the wording in the 5th amendment. The 5th amendment strictly **prohibits** any member of **law enforcement**, to include the **Attorney General**, from ever charging any Citizen with a **Capital** or any other infamous crime.

However, law enforcement has been afforded discretion, and can charge Citizens with as many misdemeanor offenses as applies, **Capital News Co V Metropolitan Government of Nashville and Davidson County** 562 S.W. 2d. 430 (Tenn 1978) That in all criminal prosecutions, the accused has the right to not be charged with any criminal offense that exceeds 50 dollars unless on the issuance of a presentment or indictment by a Grand Jury. The Supreme Court ruled **United States V Moreland** *528 U.S. 433,437, 42 S.Ct. 368, 66 L. Ed 700 (1922)* that the only element that stands between the Citizens of this country, government oppression, is the **Grand Jury**. Current legal practice demonstrated in this petition is just such a case, Mr. Nash has the fundamental Constitutional rights to be free from unlawful *searches and/ or seizures*, *Due Process of Law*, *Competent legal counsel*, *Unbiased Grand Jury*, and *equal protections under the law,* had been **forfeit.**

Tennessee has adopted the terms and provisions of the 5th amendment when it added *Article 1 § 14* to the Tennessee State Constitution, that clearly States: That **No Person** shall be put to answer any criminal charge but by presentment, indictment, or impeachment. While this language is somewhat ambiguous, the point is clear, that no person shall be charged with any criminal offense but by the issuance of a presentment or indictment of a Grand Jury. The legal procedure requiring the issuance of a presentment or indictment of a grand jury before charging the accused with a capital or any other infamous crimes, goes back as far as the Magna Carta in 1296, and has become the foundations of Honorable Jurisprudence.

The Constitutional amendments were designed to protect the people from government oppression in its many forms. Because in most instances, a violation of one constitutional right, most always impedes upon several others, this being just such a case. The original judgement orders (Exhibits I, II, III), has provided all the evidence required to prove that the petitioner is entitled to relief. Your HONOR, please note at the center top of each page in (Exhibits I, II, III), the indictment date clearly indicates that Mr. Nash was not indicted until June 14, 2006, almost 4 months after the alleged crime had been committed. This is not Honorable Jurisprudence, NOR is it acceptable Criminal procedure. This unlawful conduct violates the Constitutional rights of the accused, and destroys the entirety of the Honor and integrity of the legal process.

The lengthy delay that existed between arrest and indictment, only serves to prove that the State lacked enough evidence to indict Mr. Nash on February 26, 2006, this gave investigators the ability to manufacture evidence to support their claim. In ***all criminal cases***, the state must possess both personal and subject matter jurisdiction over the accused, this can only be attained through the issuance of a presentment or indictment of a Grand Jury, ***United States Constitution's 5th Amendment and Article 1 § 14 of the Tennessee State Constitution***. The state in this case has quite literally put the proverbial cart before the horse, instead of acquiring evidence and presenting it before a grand jury as required by LAW, the state unlawfully arrested the petitioner, denied him his phone call after arrest, held him without bond, and later made the evidence fit the crime.

The petitioners arrest was unlawful in its entirety, and Constitutes "**Fruits of the Poisonous Tree**," **Wong Sun V United States** (*Supra*) therefore all evidence acquired after February 26, 2006 is null and void. On February 26, 2006 Mr. Nash was unlawfully arrested, without so much as even a probable cause declaration, and charged with 1st degree murder, and held without bond in violation of the *United States Constitutions XIII Amendment, and Article 1 § 15 of the Tennessee State Constitutions:* right to pretrial bail. The evidence proves Mr. Nash was denied a bond hearing as required in **State V Burgins** 464 S.W. 3d 295, 305 (Tenn.) before being deprived of his pretrial liberty. Legal procedure exists to ensure "Due Process" and that the accused is being treated fairly, without biased, this is the lynch pin of Honorable Jurisprudence. There is No semblance of fairness, nor applicable legal procedure applied to any aspect in this case. The State denies all access to the minutes in Grand Jury proceedings, while this is obviously counterintuitive to ensure the Honorable Practice of jurisprudence, this practice is clearly erroneous for this fact alone.

Because, as in any case such as this, you have already charged the accused with murder, and this fact is conveyed to the Grand Jurors prior to the presentment of the evidence, the magnitude of prejudice employed in this process against the accused, can never be overestimated and violates Rule 401 & 402. This process alone singlehandedly signals the death nail to the Constitutional Rights of the accused, while simultaneously eliminating any semblance of "Due Process," that has been all but swept away as collateral damage. The foundations of Mr. Nash's requests to be granted Habeas Corpus Relief is based solely on the evidence in the record, and the constitutional violations recorded therein.

In (Exhibits I, II, III) Mr. Nash was unlawfully charged with a capital offense in the absence of a **presentment or indictment** issued by a Grand Jury, which violates Mr. Nash's 5th **Amendment Right;** and violates Mr. Nash's **5th and 14th amendment Rights** to "**Due Process**" of law. Mr. Nash's **6th amendment Right** to an **Unbiased Grand Jury** and the **14th Amendment Right** to equal protections under the law, Constitutional rights violations that are just collateral damage. The Supreme Court has defined the Right to "**Due Process**" as simply fairness doctrine, this being understood, NO such aspect of legal procedure ever took place in this case.

Your HONOR, the evidence in this case is irrefutable, as it all stems from the official record. Accordingly, the official record provided to Mr. Nash by the State, no affidavit of complaint has ever been filed, Mr. Nash was denied his phone call after arrest, Mr. Nash was held without bond, nor was there a preliminary hearing conducted. These factors play a critical role in legal procedure and are designed to not only protect the Citizen, but to ensure the honor and integrity of the judicial process. Because without properly securing the integrity of the legal process, we devolve into a state of ruthless government oppression, that just happens to be playing out now in Minnesota. These factors have clearly demonstrated that Mr. Nash's defense counsel (*Daniel Ripper*) was woefully ineffective, and that his appointed appellate counsel (Benjamin McGowen) fared no better in defending Mr. Nash's constitutional rights and protections from the State. Therefore, Mr. Nash requests a (***De novo***) review of the record, removing all evidence unlawfully attained by the state after his unlawful arrest and detention on February 26, 2006.

## STATEMENT OF IRREFUTABLE FACTS

1. Mr. Nash was arrested and charged with First Degree Murder on February 26, 2006, without a sworn affidavit of complaint.

2. Mr. Nash was held without bond.

3. Mr. Nash was NOT permitted a phone call before booking pursuant to T.C.A. 40-7-106.

4. No Bond hearing was conducted before Mr. Nash was indicted.

5. No affidavit of complaint had ever been served on Mr. Nash, as reflected in the official record.

6. According to the record, no preliminary hearing was ever conducted as required under Rule 5.

7. Mr. Nash was never brought before a magistrate, or arraigned on any charges prior to June 14, 2006 when he was finally indicted.

7. No probable cause hearing was ever conducted.

8. Original Defense counsel (Daniel Ripper) was negligent, in not presenting these numerous violations of Rule 5 and the multitude of United States and Tennessee's State Constitutional violations.

9. Appellant counsel (Benjamin McGowen) was equally negligent, by not raising these violations.

10. The Judge, the Honorable Don Poole had the fiduciary responsibility to correct these errors (*Sua Sponte).*

# RELIEF

1. Mr. Nash requests that his conviction be summarily overturned, with prejudice.

2. Mr. Nash requests this Honorable Court issue an order for the petitioners immediate release from custody.

3. Mr. Nash requests this Honorable Court issue an order that this event be permanently removed from the official record.

4. The State be reprimanded for their negligence

# SWORN AFFIDAVIT

I, Charles Adrian Nash, do swear and affirm under the penalty of perjury, that all preceding facts and statements are true and accurate to the best of my knowledge and understanding. Furthermore, that all attached documentation are true and exact copies of the originals.

Very Respectfully submitted, _____
(Charles Adrian Nash)

SEAL

Notary, _Mary Jo LaBarge_

Exp, _07/07/2029_

The Preceding was sworn before me _Mary Jo LaBarge_ on this _6th_ day of _February_ 2026